Order modified as indicated in opinion of WARD, J., and the modification to be settled by him.

---

FRANCIS E. COMSTOCK, Appellant, *v.* BENJAMIN GREEN, Respondent.

*Husband and wife — liability of a husband for a physician's services to the wife while they are living apart.*

In an action brought by a physician against a husband to recover for professional services rendered to the wife, the defendant denied the allegations of the complaint and alleged specially that he and his wife were not living together; that she had left him without cause and that he was not liable for the services in question.

Upon the trial of the action evidence was given tending to show that the husband's neglect and ill-treatment of his wife, while she was ill, was such as to justify her in going to her daughter's house, where she could be cared for and protected; that she went away with the consent and approval of the husband, and that she needed the medical services and attendance in question.

*Held,* that such evidence should have been submitted to the jury, and that a judgment of nonsuit should not have been granted.

APPEAL by the plaintiff, Francis E. Comstock, from a judgment of the Allegany County Court in favor of the defendant, entered in the office of the clerk of said county on the 19th day of January, 1894, upon the dismissal of the complaint directed by the court after a trial in the Allegany County Court before the court and a jury, and also from an order entered in said clerk's office on the 12th day of January, 1895, denying his motion for a new trial made upon a case and exceptions.

*L. C. Van Fleet,* for the appellant.

*O. A. Fuller,* for the respondent.

WARD, J.:

This action was commenced in a Justice's Court in Allegany county by Francis E. Comstock, plaintiff, against Benjamin Green, defend-

ant, to recover for the professional services of the plaintiff as a physician, rendered to the wife of the defendant, which were necessary for her health and comfort. The complaint was denied by the defendant, and he alleged specially that he and his wife were not living together; that she had left him without cause and he was not liable.

The plaintiff recovered a judgment in the Justice's Court, from which an appeal was taken for a new trial to the County Court, and upon such trial plaintiff was nonsuited, and the sole question here is whether any question was raised by the plaintiff's evidence that should have been submitted to the jury; and in disposing of that question we must take the most favorable view for the plaintiff that the evidence presents. The wife was an old lady. The plaintiff was a physician in Allegany county and had attended the defendant's wife professionally for a considerable period of time at the house of a daughter of the defendant and the wife, and there was evidence tending to prove as follows: That she was ill, principally confined to the house and to her bed, and needed the professional attendance given her; that the daughter with whom the wife resided lived at some distance from the defendant, and the defendant did not employ the physician; that the defendant and his wife had lived together formerly at the defendant's home, and in the same yard and adjoining the defendant's was a house where the daughter resided at first, and the mother becoming sick at home received the attention of the daughter and the daughter's husband, and needed such attention; the defendant seemed to care nothing for his wife nor did he pay her any attention; failed to furnish her with all the necessaries and delicacies and with the attention which her health required, so she was compelled to go to her daughter's house for such attention and care as she needed. The defendant did not object to this, and when a time arrived soon after that the daughter and her husband left the premises and moved to another place, the wife was taken with them, with some articles of the furniture of the defendant's that had been in use in his house, without any objection on the part of the husband and with his apparent acquiescence and consent. The daughter lived for a short time at the place to which she then removed, and moved again to the place where the medical services were rendered and where the wife finally died. The defendant

gave her no attention after she left home nor did he furnish her with any necessaries or money, but expressed himself as glad that she had gone; that she had been nothing but a bill of expense to him.; and it further appeared that the residence of the wife with the daughter was necessary for her health up to the time of the death of the wife, which occurred as a result of the sickness and enfeebled condition from which she was suffering when she first left the defendant's house. The defendant said of his wife that she had not been capable of doing her own business for some time and that he had to do it for her. There was evidence tending to show cruel treatment on the part of the defendant toward his wife while she was ill at his house, and tending, as far as words and manner could go, to distress and humiliate her in her enfeebled condition and thus injure her health, and there was evidence to go to the jury to sustain several propositions. *First,* that his neglect and ill-treatment of his wife while she was ill was such as to justify her in going away with her daughter where she could be cared for and protected. *Secondly,* that she went away with the consent and approval of the defendant. *Third,* that she needed the medical attendance and services of the plaintiff for which the bill was rendered. We indicate no opinion as to this evidence further than that it was sufficient to take the case to the jury.

It was error, therefore, for the County Court to take the case from the jury, and the judgment of the County Court should be reversed and a new trial granted, with costs to abide event.

LEWIS and BRADLEY, JJ., concurred.

Judgment and order reversed and new trial granted in the Allegany County Court, costs to abide the event.